IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

IN ADMIRALTY



IN THE MATTER OF THE:

COMPLAINT OF WILLIAM H. LEFKOWITZ,
TRUSTEE OF THE JOHN HUGH
MACMILLAN, III, LIVING TRUST,
AS THE FORMER OWNER OF THE YACHT,
"HAT TRICK", FOR EXONERATION FROM OR
LIMITATION OF LIABILITY.
_____/

CASE NO. 99-6350

CIV-ZLOCH

MAGISTRATE JUDGE
SELTZER

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA:

COMES NOW, Plaintiff, William H. Lefkowitz, Trustee of the John Hugh MacMillan, III, Living Trust as former owner of the M/Y HAT TRICK, in an action for Exoneration From or Limitation of Liability, Civil and Maritime, and alleges as follows:

1. This is a cause of Admiralty and Maritime Jurisdiction as hereinafter more fully appears. Jurisdiction arises under 28 U.S.C. § 1333 and 46 U.S.C. §§ 183-189.

2. The Complaint herein sets forth an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3. This Complaint has been filed within six (6) months from the date Plaintiff first received written notice of claim from any claimant following the aforesaid allision.



4. At all times relevant hereto, William H. Lefkowitz was and still is the Trustee of the John Hugh MacMillan, III, Living Trust, dated October 16, 1989, as amended from time to time, (hereinafter referred to as William H. Lefkowitz, Trustee of the John Hugh MacMillian, III, Living Trust) which was and still is an existing Trust under and by virtue of the laws of the State of Florida.

5. At all times relevant hereto, Plaintiff, William H. Lefkowitz, as Trustee of the John Hugh MacMillan, III, Living Trust, was the sole owner of the M/Y HAT TRICK.

6. On January 14, 1999, title of the M/Y HAT TRICK was conveyed to Federal Insurance Company. However, for purposes of this Complaint for Exoneration From or Limitation of Liability, William H. Lefkowitz, Trustee of the John Hugh MacMillan, III, Living Trust, was the owner of the M/Y HAT TRICK immediately prior to and at the time of the allision.

7. At all times relevant hereto, the M/Y HAT TRICK was a 70' 1988 Feadship Sportfishing vessel powered by two inboard diesel engines. The M/Y HAT TRICK was and is registered in the State of Florida bearing Florida Registration Number 00940826, and a United States documented vessel bearing Official Number 940826, hailing from Miami, Florida. It is a self-propelled vessel of steel construction presently located in Ft. Lauderdale, Florida and is within the jurisdiction of the Southern District of Florida, Ft. Lauderdale Division, and this Honorable Court.

8. At all times material hereto, the M/Y HAT TRICK was in all respects tight, staunch and strong, fully and properly equipped and supplied, all in good order and condition and in all respects seaworthy and fit for the service in which she was engaged.

9. Plaintiff, as owner of the M/Y HAT TRICK at the commencement of the voyage upon which the allision occurred, and at all material times prior thereto, exercised due diligence

to make the M/Y HAT TRICK tight, staunch and strong, fully and properly equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

10. At the time of the allision that is the subject of this Complaint, neither Plaintiff nor anyone for whom the vessel or the Plaintiff may be held responsible was onboard the M/Y HAT TRICK.

11. The voyage on which the allision occurred and on which the claims and demands sought to be limited arose. commenced from a paint shed where the M/Y HAT TRICK was moored at Roscioli Yachting Center, located at 3201 S.R. 84, Ft. Lauderdale, Florida, 33312, on November 15, 1998, and terminated after the vessel traveled east a few hundred feet and allided with other vessels and marina structures located on the east side of Roscioli Yachting Center. The vessel itself sustained damage but there were no personal injuries as a result of this allision.

12. More specifically, on Sunday, November 15, 1998, the M/Y HAT TRICK was moored in a paint shed at the west end of Roscioli Yachting Center. It was secured by four (4) lines, two extending from the bow and two extending from the stern, to mooring cleats on the dock inside the paint shed. Neither the vessel's owner, the vessel's crew, nor anyone authorized by Plaintiff or M/Y HAT TRICK, nor anyone associated with Plaintiff or M/Y HAT TRICK were on board the vessel or in the Marina at or about the time the allision occurred or at any time prior to the allision on November 15, 1998.

At approximately 6:20 p.m.. a witness on another boat, located a few docks north of where this allision occurred, heard the vessel's engine(s) start-up and saw the following: The witness noticed that the M/Y HAT TRICK was "jerking" on its mooring lines while still inside the paint shed; the witness saw the M/Y HAT TRICK slowly emerge from the paint shed, brake its last mooring line and completely exit the paint shed; the M/Y HAT TRICK then traveled a few

hundred feet east across a channel and allided with a dock and a number of vessels moored on the east side of the Marina; the witness saw an unknown figure in the pilot house of the M/Y HAT TRICK as it traveled the short distance from the paint shed to the point where it allided with a dock and other vessels; the unknown figure, who has not yet been identified or located, appeared to be trying to shut-off the engines, without success.

After the HAT TRICK came to rest, another individual jumped onboard to shut down the engines, but was also unsuccessful. The police department was called to the scene to investigate the allision and circumstances which culminated in the M/Y HAT TRICK breaking its mooring lines, traveling across the channel and coming to rest against other vessels on the opposite side of the marina. The M/Y HAT TRICK's captain was called at about 7:00 p.m. by Robert Roscioli. Roscioli informed the captain that someone had tried to steal the vessel. The Captain immediately went to the Roscioli Yachting Center and boarded the vessel in the company of a Broward County Sheriff. There were no known personal injuries sustained by anyone as a result of this incident.

Plaintiff reserves the right to amend and/or supplement this paragraph of the complaint to allege further facts that may later become known.

13. The allision described above and any losses, damages, injuries and/or destruction sustained by the M/Y HAT TRICK and all claimants and potential claimants by reason of the allision, were done, occasioned and incurred without fault, neglect, privity, personal participation, actual knowledge, want of care or means of knowledge on the part of Plaintiff, William H. Lefkowitz, Trustee, as owner of the M/Y HAT TRICK at the time of the allision or anyone for whom the vessel or the Plaintiff may be held responsible or on behalf of the M/Y HAT TRICK.

Plaintiff reserves the right to amend and/or supplement this paragraph of the complaint to further specify such other fault and negligence and further facts surrounding the allision as may later become known.

14. Suit has been brought against the M/Y HAT TRICK, her engines, tackle and apparel, etc., in rem, and John H. MacMillan, III, in personam, by Roscioli Yachting Center and Roscioli International, Inc. in the United States District Court for the Southern District of Florida, Case No: 98-7346-CIV-FERGUSON. Magistrate Judge Snow. However, service of this action has not yet been effected on either M/Y HAT TRICK or John H. MacMillan, III. At this time, the Plaintiff does not know the total amount of damages claimed by Roscioli Yachting Center, Inc. or Roscioli International, Inc.

15. Plaintiff does not know the nature or the total amount of all the additional claims that may be made for injury, loss, damage or destruction growing out of the aforesaid allision, but anticipates and believes that suits and claims will be asserted and prosecuted against it exceeding the total sum or sums for which Plaintiff may be legally responsible and may be required to pay under the applicable statutes governing Exoneration From Or Limitation Of Liability.

16. Plaintiff is not aware of any demands, unsatisfied claims of liens or liens against the M/Y HAT TRICK arising out of the subject voyage, or any suits pending thereon, except as set forth in the pleading.

17. The M/Y HAT TRICK sustained serious physical damage to her hull and is believed to be a Constructive Total Loss as a consequence of the aforesaid allision. The full extent of the pecuniary loss and damage resulting from the allision is not yet known to Plaintiff, but the claims presently asserted by Roscioli Yachting Center, Inc., and Roscioli International, Inc., not

to mention the other potential claimants, as cited below, are believed to be in excess of the value of the M/Y HAT TRICK as she lay immediately following the allision.

18.  While the actual amount of claims is unknown to date, Plaintiff, William Lefkowitz, Trustee, believes that demands for same may ultimately far exceed the entire value of the M/Y HAT TRICK.  The Plaintiff is advised and fears that claims may be asserted by Cavanaugh Charters, Inc., owner of the M/Y "Absolut-lee"; Michael Page, owner of the M/Y "Terra Nova"; Robert Gray, owner of the M/Y "Windcrest"; Susan Lloyd, owner of the M/Y "Carolex III"; and Dabeal Cup, and/or Dabeal Cup, Inc., owner of the M/Y "Don Pinguino"; and Plaintiff is fearful that other claimants may appear and other derivative claims may be asserted or suits brought against him by parties, who incurred loss, damage, and/or injury by reason of the allision.

19.  As set forth in the Affidavit of Value and Affidavit With Respect To Pending Freight, attached hereto as Exhibits "A" and "B" respectively, the value of the M/Y HAT TRICK, her engine, machinery, tackle, apparel and equipment, immediately after said allision and before being repaired, did not exceed the sum of four-hundred and twenty-five thousand ($425,000.00) dollars.  The entire aggregate amount and value of Plaintiff's interest in the M/Y HAT TRICK and its pending freight at the end of the voyage did not exceed four-hundred and twenty-five thousand ($425,000.00) dollars.

20.  Subject to an appraisal of its interest upon a reference by the Court, Plaintiff herewith offers and deposits with the Court as security for the benefit of claimants an Ad Interim Stipulation and Stipulation for Costs in a sum equal to the entire aggregate amount and value of Plaintiff's interest in the M/Y HAT TRICK, her pending freight at the end of the voyage, plus the

sum of five-hundred ($500.00) dollars to serve as security for all costs and expenses which may be awarded against Plaintiff by the final decree of this Court.

21.     Without admitting, but in fact denying, any liability herein, Plaintiff hereby claims exoneration from any liability for any and all injury, loss, destruction and damage caused by the said allision; or done, occasioned or incurred on the aforesaid voyage during which the allision occurred and for any and all claims therefore. Plaintiff contests liability and the liability of the vessel to any extent whatever for any and all loss, destruction, damage and injury caused by or resulting from the aforesaid allision. Plaintiff further alleges that it has valid defenses thereto on the facts and on the law.

22.     Plaintiff, as former owner of the M/Y HAT TRICK, claims the benefits of the Limitation of Liability provided for in 46 U.S.C. §§ 183-189, and the various Statutes supplemental thereto and amendatory thereof.

23.     All and singular premises are true and within the Admiralty and Maritime Jurisdiction of the United States and of this Honorable Court as an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and are otherwise within the jurisdiction of this Honorable Court.

Wherefore, Plaintiff, William H. Lefkowitz, Trustee of the John Hugh MacMillan, III, Living Trust, as amended from time to time, as former owner of the M/Y HAT TRICK, prays that:

1.      This Court enter an order approving the attached Ad Interim Stipulation and Stipulation for Costs, with surety, deposited into the Court by Plaintiff as security for the amount or value of Plaintiff's interest in the M/Y HAT TRICK; or

2. That this Court cause due appraisal to be made of the amount or value of Plaintiff's interest in the vessel immediately following the above-described allision; and

3. This Court enter an Order directing issue of a Monition to all persons, firms, and corporations asserting claims with respect to any and all losses, damages injuries or destruction done, occasioned, sustained or incurred by or resulting from the allision from which this Complaint seeks exoneration from and/or limitation of liability, and admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Plaintiff a copy thereof on or before a date to be named in the Notice, and that if any claimant desires to contest either the Exoneration From or the Right to Limitation of Liability, he shall file and serve on the attorneys for Plaintiff on Answer to this Complaint on or before said date, unless his claim has included an Answer, so designated; and

4. This Court enter an Order enjoining and restraining the prosecution of all suits, actions, or proceedings already begun and the commencement or prosecution thereafter of any or all actions, suits or proceedings of any nature or description whatsoever in any jurisdiction against Plaintiff, as aforesaid, and/or against the M/Y HAT TRICK, or against any property of Plaintiff except in this action, to recover damages for or in respect of any loss, damage, death, injury or destruction caused by or resulting from the aforesaid allision or done, occasioned or incurred on the aforesaid voyage; and

5. This Court enter an Order that will adjudge that Plaintiff is not liable to any extent for any injury, loss, damage or destruction or for any claim thereof in any way arising out of or resulting from the aforesaid allision or done, occasioned or incurred on said voyage; or if Plaintiff shall be adjudged liable, then such liability be limited to the amount or value of Plaintiff's interest in the M/Y HAT TRICK, and her pending freight, as aforesaid, at the end of the voyage on which

she was engaged at the time of said allision, and that Plaintiff be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured to be paid, as aforesaid, be divided pro rata according to the above mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order above prayed for, saving to all parties any priorities which they may be legally entitled, and that a decree be entered discharging Plaintiff from all further liabilities; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
>
> ADORNO & ZEDER, P.A.
> 888 Southeast Third Avenue - Suite 500
> Fort Lauderdale, FL 33335-9002
> (954) 523-5885 /fax-(954) 760-9531
>
> _____
> ROBERT D. MCINTOSH, ESQ.
> Florida Bar No: 115490

## **VERIFICATION**

I hereby verify that I have read the foregoing Verified Complaint and the statements contained therein are true and correct to the best of my knowledge and belief.

_____
William H. Lefkowitz, Trustee
of the John Hugh MacMillan, III,
Living Trust, as former owner of the
M/Y HAT TRICK

SWORN TO AND SUBSCRIBED BEFORE ME, on this, the 22nd day of March, 1999 by William H. Lefkowitz, who was personally known to me or who produced _____ as identification.

_____
Notary Public
State of Florida at Large
My Commission Expires:

Robert D. McIntosh
MY COMMISSION # CC518394 EXPIRES
February 10, 2000
BONDED THRU TROY FAIN INSURANCE, INC.

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

IN THE MATTER OF THE:   CASE NO:

COMPLAINT OF WILLIAM H. LEFKOWITZ,
TRUSTEE OF THE JOHN HUGH
MACMILLAN, III, LIVING TRUST,
AS FORMER OWNER OF THE YACHT,
"HAT TRICK", FOR EXONERATION
FROM OR LIMITATION OF LIABILITY.
_____/

## AFFIDAVIT OF VALUE

STATE OF FLORIDA    )
                    )SS
COUNTY OF BROWARD   )

      Before me, the undersigned authority, this date personally appeared, Matthew R. Schmal, who by me first being duly sworn deposes and states:

    1.    I am a marine surveyor, consultant and appraiser having an office and place of business at The Marine Surveyors National, 220 Congress Park Drive, Suite 100, Delray Beach, Florida, 33447, and as such, I am engaged in the regular business of making inspections and evaluations of vessels, including recreational yachts such as the M/Y HAT TRICK.

    2.    I am familiar with the vessels of the type, class and construction of the M/Y HAT TRICK.

    3.    I am familiar with the collision involving the M/Y HAT TRICK on November 15, 1998, and the condition of the yacht after the collision; and make this affidavit of valuation concerning the remains of the vessel based on the facts presently available, and on my experience as a marine surveyor and appraiser.

1
ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531


EXHIBIT A

4. I am of the opinion that the fair and reasonable value of the M/Y HAT TRICK as of November 16, 1998, after the collision was $425,000.00.

FURTHER AFFIANT SAYETH NAUGHT.

Matthew R. Schmal
The Marine Surveyors-National

SWORN TO AND SUBSCRIBED BEFORE ME, on this, the __18__ day of __MARCH__, 1999 by Matthew R. Schmal, who was personally known to me or who produced __ADJUSTER'S LICENSE__ as identification.

Notary Public
My Commission Expires
(seal)

Susan B. Hartman
Commission # CC 807326
Expires Feb. 7, 2003
Bonded Thru
Atlantic Bonding Co., Inc.

RMO/L.AFFID/101976/13804.032

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

IN ADMIRALTY

IN THE MATTER OF THE:                    CASE NO:

COMPLAINT OF WILLIAM H. LEFKOWITZ,
TRUSTEE OF THE JOHN HUGH
MACMILLAN, III, LIVING TRUST,
AS FORMER OWNER OF THE YACHT,
"HAT TRICK", FOR EXONERATION FROM OR
LIMITATION OF LIABILITY.
_____/

## AFFIDAVIT OF PENDING FREIGHT

STATE OF FLORIDA     )
                     )SS
COUNTY OF BROWARD    )

Before me, the undersigned authority, this date personally appeared, William H. Lefkowitz, who by me first being duly sworn deposes and states:

1. I, William H. Lefkowitz, Trustee of the John Hugh MacMillan, III, Living Trust, was in deed sole owner of the M/Y HAT TRICK on November 15, 1998. In my capacity as Trustee, I am familiar with the operation of the M/Y HAT TRICK and can state that the vessel was not in commercial service on November 15, 1998, and, consequently no freight was paid or is payable as a result of the vessels activities on November 15, 1998.

FURTHER AFFIANT SAYETH NAUGHT.

_____
William H. Lefkowitz, as Trustee
of the John Hugh MacMillan, III,
Living Trust, as former owner of the
Motor Yacht HAT TRICK



ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (

SWORN TO AND SUBSCRIBED BEFORE ME, on this, the 22nd day of March, 1999 by William H. Lefkowitz, (who was personally known to me) or who produced _____ as identification.

_____
Notary Public
My Commission Expires
(seal)

Robert D. McIntosh
MY COMMISSION # CC518394 EXPIRES
February 10, 2000
BONDED THRU TROY FAIN INSURANCE, INC.

RMO/L.AFFID/101977/13804.032

2

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 99-6350

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
In the matter of the:
Complaint of William H. Lefkowitz,
Trustee of the John Hugh Macmillan, III,
Living Trust, As Former Owner of the*

**DEFENDANTS** CIV-ZLOCH
*Yacht, "Hat Trick", for Exoneration
From or Limitation of Liability.
MAGISTRATE JUDGE
SELTZER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

99CV6350/Zloch/Seltzer

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-523-5885
Robert D. McIntosh, Esq., Adorno &
Zeder, P.A., 888 SE 3rd Ave., Ste. 500, Ft. Laud, FL 33316)

ATTORNEYS (IF KNOWN) Unknown at this time.

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) | | | | |
|---|---|---|---|---|---|
| | | PTF | DEF | | PTF DEF |
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State   ☐ 1   ☐ 1 | | Incorporated or Principal Place of Business In This State | ☐ 4   ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State   ☐ 2   ☐ 2 | | Incorporated and Principal Place of Business In Another State | ☐ 5   ☐ 5 |
| | | Citizen or Subject of a Foreign Country   ☐ 3   ☐ 3 | | Foreign Nation | ☐ 6   ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

46 U.S.C. s183-189 – Exoneration From or Limitation of Liability

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY**   JUDGE Ferguson   DOCKET NUMBER 98-7346

DATE 3/23/99   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____